**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| BOSC, INC. and THOMAS WAYNE HAYES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. _____ |
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BERNALILLO, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

BOSC, Inc. ("BOSC") and Thomas Wayne Hayes ("Hayes"), for their claims against Defendant Board of County Commissioners of the County of Bernalillo ("Board of County Commissioners"), allege and state:

### Parties

1.      BOSC is an Oklahoma corporation with its principal place of business in Tulsa County, Oklahoma.

2.      Mr. Hayes is an individual who resides in Tulsa County, Oklahoma.

3.      The Board of County Commissioners is a public entity representing Bernalillo County, New Mexico (the "County") pursuant to NMSA §§ 4-38-1, *et seq.*

### Jurisdiction and Venue

4.      The citizenship of parties in this action is diverse and the amount in controversy is in excess of $75,000.00.  Therefore, the Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1332.

5.     All or a substantial part of the relevant events took place in Bernalillo County, New Mexico and Defendant resides in New Mexico.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### Statement of Facts Common to All Claims

6.     BOSC is a registered broker-dealer of securities and Mr. Hayes was one of BOSC's registered representatives.

7.     By New Mexico State statute and Bernalillo County policy, the County's Treasurer is responsible for investing County funds in approved investments.

8.     The members of the Board of County Commissioners, who also serve as members of the County's Board of Finance, are required to provide the Treasurer with their advice and consent with respect to the County's investments.  In addition, the County appoints an Investment Committee made up of representatives from various state and local agencies and groups to provide guidance for the County's investment strategy and the members of the Investment Committee purported to provide such guidance pursuant to their commitments to do so at all relevant times.

9.     In 2012 and 2013, the County, subject to the advice and consent of the Board of County Commissioners and the Investment Committee, bought various investment grade bonds using some ten different registered broker-dealers, one of which was BOSC.

10.     When the elected Treasurer decided to invest County funds in the investment grade bonds, the Treasurer solicited bids from three of the approved broker-dealers, specifying the amount the County was seeking to invest and the type and duration of the bonds the County wanted to buy.  In all instances, at least three broker-dealers quoted to the County an investment

grade bond that met the County's specifications.  The Treasurer then purchased the most attractive of the three qualified responses to the County's requests for proposal.

11.     This procedure was sanctioned by the County's Investment Policy and approved by both the Board of County Commissioners and the Investment Committee.

12.     In early 2014, the County's portfolio included among its various investments 44 investment grade bonds, 12 of which were purchased from BOSC through the County's competitive bidding process described above.

13.     All the investment bonds purchased from BOSC were guaranteed by the federal government, all met State of New Mexico and Bernalillo County investment requirements, and none have from the date of issuance to this date defaulted in the timely payment of principal or interest.

14.     There was at all times a ready market in which the County's investment grade and government guaranteed bonds could be sold.

15.     In March and April 2014, at a time when there was a dip in the bond market, the County miscalculated its cash requirements.  Encouraged by those with a vested interest in selling the bonds (including, upon information and belief, the company that is now managing the County's investments), Defendant panicked and, rather than holding the investment grade and government guaranteed bonds, earning strong interest, and waiting for the guaranteed 100% payout (or, at the very least, a better time to sell), liquidated its portfolio at a loss.

16.     On July 27, 2015, the Board of County Commissioners commenced Case Number D-202-CV-2015-06106 (the "Original Action") in the Second Judicial District in and for Bernalillo County, New Mexico against BOSC, Hayes, Oppenheimer & Co., Inc. ("Oppenheimer"), and Royce Owen Simpson.

17.     The Original Action alleged that BOSC, Hayes, Oppenheimer, and Simpson violated Rule 2111 of the Financial Industry Regulatory Authority ("FINRA") by selling the County unsuitable investments.  In particular, the Board of County Commissioners claimed that BOSC and Hayes "recommended" investments that conflicted with the County's liquidity needs. BOSC and Hayes were not investment advisors and had no responsibility or opportunity to cash manage the operations of the County.

18.     The County's Petition in the Original Action comprised 111 paragraphs and 20 pages and asserted seven separate causes of action. The Board of County Commissioners asserted claims under New Mexico's Uniform Securities Act and the Unfair Practices Act as well as claims for breach of fiduciary duty, negligent misrepresentation, breach of contract and the implied covenant of good faith and fair dealing, negligent supervision, and *respondeat superior*.

19.     The commencement of the Original Action by the Board of County Commissioners against BOSC and Hayes was a deliberately chosen litigation tactic employed by the County knowing full well that the County also had the option of commencing an arbitration claim pursuant to the Arbitration Code of the Financial Industry Regulatory Authority ("FINRA").

20.     On September 1, 2015, BOSC and Hayes removed the Original Action to the United States District Court for New Mexico, Case Number 1:15-cv-00772-CG-LF.

21.     On September 18, 2015, BOSC and Hayes moved to dismiss the Original Action for failure to state a claim for which relief can be granted.  On October 2, 2015, Oppenheimer moved to dismiss the Original Action for failure to state a claim for which relief can be granted.

22.     The BOSC and Hayes Motion to Dismiss carefully addressed each of the County's seven separate causes of action and established that none of the seven causes of action stated a claim upon which relief could have been granted.

23.     On October 2, 2015, the Board of County Commissioners filed an exhaustive 22 page response to BOSC and Hayes' Motion to Dismiss.

24.     On October 14, 2015, the Board of County Commissioners filed a response to Oppenheimer's Motion to Dismiss.

25.     On October 15, 2015, BOSC and Hayes filed their reply brief in support of their Motion to Dismiss.  As of October 15, 2015, BOSC and Hayes' Motion to Dismiss had been fully briefed and was ripe for judicial determination.

26.     On October 19, 2015, the Board of County Commissioners, realizing that their claims were on the verge of being dismissed, filed a Notice of Voluntary Dismissal dismissing the Original Action without prejudice and stating the County would file for arbitration.

27.     Shortly thereafter, on October 23, 2015, the Board of County Commissioners initiated arbitration number 15-02841 (the "Arbitration") with FINRA.  The Board of County Commissioners' Statement of Claim and Demand for Arbitration alleges claims which are identical to those asserted in the Original Action.

28.     The prosecution of the FINRA Arbitration Demand would prejudice BOSC and Hayes:

(a)     BOSC and Hayes incurred significant expense analyzing and responding to the Complaint filed by Defendant in the Original Action.

(b)     The Defendant's claims are deficient on their face.  Under the procedures of this Court, Defendant's claims are subject to dismissal for failure to

state a claim for which relief can be granted.  The FINRA Arbitration Code does not permit a respondent to obtain summary relief in order to avoid frivolously brought claims or claims subject to dismissal because the claims do not state a cause of action for relief can be granted.

(c)      Oppenheimer and BOSC have been improperly joined in the FINRA Arbitration Demand.  The FINRA Arbitration Code does not permit a respondent to obtain relief from the improper joinder of parties.

29.      The Board of County Commissioners deliberately and knowingly commenced the Original Action as a litigation tactic and has waived any right it might otherwise have to demand arbitration under the FINRA Arbitration Code.

30.      The Board of County Commissioners is engaging in impermissible forum shopping.

### First Claim for Relief
**(Preliminary and Permanent Injunction)**

31.      BOSC restates, realleges, and incorporates herein by reference all of the allegations contained in Paragraphs 1-30.

32.      The Board of County Commissioners has waived any right it might have to arbitrate disputes with BOSC and/or Hayes by initiating and litigating the Original Action.

33.      By filing for Arbitration, the Board of County Commissioners has caused, and unless enjoined from prosecuting the Arbitration, will continue to cause, serious, immediate, and irreparable injury to BOSC and Hayes in an amount difficult of being ascertained.

34.      BOSC and Hayes have no adequate remedy at law to protect against the continuing injury caused by the Board of County Commissioner's conduct and BOSC's and Hayes' injuries cannot be fully redressed by monetary damages or other legal relief.

35.     If the Arbitration is allowed to proceed, the injury to BOSC and Hayes will far outweigh the harm to the Board of County Commissioners.

36.     No public interest will be harmed by entry of a preliminary or permanent injunction in this case.

37.     Accordingly, BOSC and Hayes are entitled to a Preliminary and Permanent Injunction prohibiting the Board of County Commissioners from prosecuting the Arbitration.

## Second Claim for Relief
### (Declaratory Judgment)

38.     BOSC restates, realleges, and incorporates herein by reference all of the allegations contained in Paragraphs 1-37.

39.     Pursuant to 28 U.S.C. § 2201, this Court has the authority to "declare the rights and other legal relations of any interested party . . ., whether or not further relief is or could be sought."

40.     The filing, litigating, and dismissal of the Original Action and the subsequent initiation of the Arbitration has brought the Board of County Commissioners into adversarial conflict with BOSC and Hayes.

41.     An actual controversy exists between the parties because (i) the Board of County Commissioners have asserted numerous claims against BOSC and Hayes, and (ii) the Board of County Commissioners initiated the Arbitration even though the parties have already litigated these claims in federal court.

42.     The right to arbitration, like any other contract right, can be waived.

43.     Therefore, BOSC and Hayes are entitled to a declaration that the Board of County Commissioners has waived its right to arbitration.

WHEREFORE, BOSC and Hayes pray that this Court enter:

(a)     A preliminary and permanent injunction forbidding the Board of County Commissioners from taking actions in furtherance of the Arbitration;

(b)     A declaration that the Board of County Commissioners waived any right it might have to arbitration by filing and litigating the Original Action;

(c)     An award of BOSC and Hayes' costs and attorney's fees; and,

(d)     Such other relief as this Court deems just and equitable.

Respectfully submitted,

By: ___*/s/ Benjamin E. Thomas*_____
        Benjamin E. Thomas
SUTIN, THAYER, & BROWNE
6565 Americas Pkwy NE, 10th Flr.
Albuquerque, NM 87110
Telephone: (505) 883-2500
Email: bet@sutinfirm.com

Paul Bardacke
BARDACKE ALLISON, LLP
Post Office Box 1808
Santa Fe, NM 87504
Telephone: (505) 386-4100
Email: Paul@BardackeAllison.com
***Counsel for Plaintiffs BOSC, Inc. and Thomas Wayne Hayes***

3726127.doc