IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOSC, INC., and THOMAS WAYNE
HAYES,

    Plaintiffs/Counterdefendants,

vs.                                             Civ. No. 15-1042 KG/LF

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO,

    Defendant/Counterclaimant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Counter-Motion for Judgment Compelling Arbitration, a supporting memorandum, and the Declaration of Clinton W. Marrs (collectively, the Motion to Compel Arbitration), all filed on December 7, 2015. (Docs. 15, 16, and 17). Plaintiffs/Counterdefendants BOSC, Inc. and Thomas Wayne Hayes (collectively, BOSC) filed a response on December 23, 2015, seeking discovery before responding to the merits of the Motion to Compel Arbitration. (Doc. 24). Defendant/Counterclaimant Board of County Commissioners of the County of Bernalillo (Board) filed a reply on January 5, 2016, opposing the request for discovery. (Doc. 26).

On February 12, 2016, the Court held a hearing on the Motion to Compel Arbitration. Benjamin Thomas and Jared Burden represented BOSC while Clinton Marrs and Robert Kidd represented the Board. At the conclusion of the hearing, the Court indicated its inclination to grant the Motion to Compel Arbitration. Having considered the Motion to Compel Arbitration, the accompanying briefing, the Declaration of Clinton W. Marrs, and the oral argument by counsel, the Court grants the Motion to Compel Arbitration, dismisses Plaintiffs' claims with

prejudice, and will enter judgment in favor of the Board on its counterclaim for a judgment compelling arbitration.

A. Background

  1. *Procedural History*

On July 27, 2015, the Board sued BOSC and others, including Oppenheimer & Co., Inc., in state court for violating Rule 2111 of the Financial Industry Regulatory Authority (FINRA). The Board, however, did not serve the complaint on BOSC because the Board's attorney, Mr. Marrs, had not yet determined whether arbitration was permissive or mandatory under the FINRA's arbitration code.

Despite not being served, BOSC removed the state court lawsuit to federal court on September 1, 2015, and on September 18, 2015, moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Oppenheimer also moved to dismiss the complaint. The Board's attorney was still in the process of conferring with the Board regarding arbitration when the responses to the motions to dismiss became due. The Board's attorney felt compelled to respond to avoid a summary dismissal of the lawsuit because he had not yet decided on whether to pursue arbitration. The parties fully briefed the motions to dismiss by October 15, 2015.

On October 19, 2015, the Board voluntarily dismissed the complaint without prejudice before the federal judge could rule on the motions to dismiss. Mr. Marrs decided to dismiss the complaint at that time because he finally concluded that the Board could pursue its claims before FINRA Dispute Resolution, Inc. Consequently, on October 23, 2015, the Board initiated FINRA arbitration.

On November 16, 2015, BOSC filed this lawsuit against the Board for preliminary and permanent injunctive relief to enjoin the Board from pursuing FINRA arbitration. BOSC alleges

that the Board waived its right to arbitration when it filed the state lawsuit.  BOSC also seeks a declaratory judgment to that effect.  In response to BOSC's lawsuit, the Board filed a counterclaim to compel arbitration.

Also, on November 16, 2015, BOSC moved for a preliminary injunction to prevent the Board from going forward with the FINRA arbitration on the basis of the Board's waiver.  (Doc. 3).  In response to the motion for preliminary injunction, the Board filed its Motion to Compel Arbitration.  After holding a hearing on the motion for a preliminary injunction, the Court denied the motion for preliminary injunction on December 18, 2015.  (Doc. 23).

In a related matter, on November 20, 2014, prior to the Board filing the state lawsuit, the New Mexico Securities Division filed, in a single action, Notices of Contemplated Action against BOSC and Oppenheimer.  The Board was not a party to this administrative action.  Discovery, including the deposition of witnesses, took place in the New Mexico Securities Division case while the Board's state lawsuit against BOSC was pending.

    *2. Arbitration rules and law*

The parties do not dispute that the FINRA rules apply to them.  Under FINRA Rule 12200, the Board, as a customer, has the option to request arbitration under the FINRA arbitration code.  (Doc. 16-7).  Moreover, the parties do not dispute that the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*., governs the arbitration claim.  Under the FAA, written agreements to submit to arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

B.  Discussion

The Board bases its Motion to Compel Arbitration on the same reasons it articulated in opposition to the motion for preliminary injunction.  Namely, the Board contends that

application of the *Peterson* factors to this case shows that the Board did not waive its right to arbitration by filing the state lawsuit.  The *Peterson* factors are

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*In re Cox Enterprises, Inc. Set-Top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1115-16 (10th Cir. 2015).

The Court agrees with the Board that in the Tenth Circuit courts should apply the *Peterson* factors to guide them in determining whether a party has waived its right to arbitration. *Id.* at 1116 ("In employing the *Peterson* factors, we do not apply a 'mechanical process in which each factor is assessed and the side with the greater number of favorable factors prevails.'" (citation omitted)).  As the Tenth Circuit explained:

> these factors reflect certain principles that should guide courts in determining whether it is appropriate to deem that a party has waived its right to demand arbitration. Importantly, it is well settled that a party "may not play fast and loose with the judicial machinery and deceive the courts," and "[a]n important consideration in assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process," ….

*Id.*  The Court interprets these principles to encapsulate a basic fairness tenet.

Instead of addressing the *Peterson* factors, BOSC seeks discovery on the following before responding to the Board's arguments regarding the *Peterson* factors:

> a. The County's assertion that the County was aware of and authorized the filing of the Original Action before it was able to consider its right to arbitrate this matter before FINRA;
>
> b. The County's assertion that the County withheld serving process in the Original Action in order to explore the possibility of arbitration;

4

      c. The County's assertion that the County was unable to convene timely meetings, necessitating early filing of the Original Action and delaying its determination of arbitrability;

      d. The County's assertion that the Original Action was inspired and/or affected by the contemporaneous New Mexico Securities Division's enforcement action;

      e. The fact that the County was fully aware of its right to arbitrate and filed the Original Action as a litigation tactic;

      f. The fact that the County deliberately failed to disclose it had filed the Original Action and effect service of process while it engaged in proceedings in the New Mexico Securities Division as a litigation tactic;

      g. The fact that the County determined to dismiss the Original Action to avoid the risk of loss on the pending Motion to Dismiss only after considering the Plaintiffs' Reply in support of the Motion to Dismiss; and,

      h. The timing of the County's decision to arbitrate its claims and dismiss the Original Action.

(Doc. 24) at 9 [Ex. 1, 56(d) Affidavit of F. Dorwart, ¶ 11]. This discovery concerns the Board's motivations in filing and litigating the state lawsuit in the manner it did. Motivation, however, is not relevant to the *Peterson* factors. Hence, the Court denies BOSC's request for discovery as irrelevant to the resolution of the Motion to Compel Arbitration.

      Under the FAA, if there is no material dispute of fact regarding arbitration questions, "it may be permissible and efficient for a district court to decide the arbitration questions as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *Bellman v. v.i3Carbon, LLC*, 563 Fed. Appx. 608, 612 (10th Cir. 2014). The Tenth Circuit states that

      [i]n ascertaining whether questions of material fact remain, we give the nonmoving party—here, Plaintiffs—"the benefit of all reasonable doubts and inferences that may arise." We have previously explained that the framework for analyzing this issue "is similar to summary judgment practice"….

5


*Id.* (citations omitted).  The Tenth Circuit further states that the party seeking to compel arbitration has the initial burden of presenting sufficient evidence to show that it has the right to arbitration under an enforceable arbitration agreement.  *Id.*  If the movant satisfies its initial burden, then the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the question of arbitration.  *Id.*  "[I]f a genuine dispute of material fact exists, the Federal Arbitration Act ("FAA") calls for a summary trial.  Only 'when it's clear no material disputes of fact exist and only legal questions remain' may a court resolve the arbitration question by ruling on a motion to compel, rather than conducting a summary trial.  *Id.* (citations omitted).

In this case, the Board has presented sufficient evidence to back its assertion that it has the right to pursue arbitration under an enforceable arbitration agreement.  On the other hand, even viewing the facts in the light most favorable to BOSC, BOSC has failed to show that a genuine dispute of material fact exists regarding the Board's right to arbitration.  Because there is no genuine dispute of material fact and only a legal question remains, i.e., whether the Board waived its right to arbitration, the Court will rule on the waiver issue solely on the Motion to Compel Arbitration and the written and oral argument of counsel.  *See Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 981 (2d Cir. 1996) ("The question whether a party's conduct amounts to waiver of arbitration is purely a legal one….").

For the reasons stated in the Memorandum Opinion and Order denying Plaintiffs' motion for preliminary injunction (Doc. 23) and for the reasons stated on the record at the February 12, 2016, hearing, the Court determines that the *Peterson* factors and the general concept of fairness support the conclusion that the Board did not waive its right to arbitration.  Consequently, the Court grants the Motion to Compel Arbitration.

The next issue then is whether to stay this case pending arbitration under 9 U.S.C. § 3 or to dismiss this case with prejudice as the Board requests. Section 3 states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that *the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial* of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Emphasis added. The parties do not argue that the issue of waiver is referable to arbitration nor do they seek a stay. In addition, Section 3 "only applies when the court has the underlying substantive suit before it." *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, 2012 WL 112216, at *23 (D.N.M.) *aff'd sub nom. Fundamental Admin. Servs., LLC v. Patton*, 504 F. App'x 694 (10th Cir. 2012) and *subsequently aff'd,* 741 F.3d 1162 (10th Cir. 2014). The Court, in this instance, does not have an underlying substantive suit before it. Rather, the Court only has the issue of waiver before it. Moreover, "neither Section 3 nor Section 4 require the Court to stay this case when the only issue before it is whether to compel arbitration and that issue has been resolved." *Id.* at *24 (quoting *American Heritage Life Ins. Co. v. Beasley,* Nos. 01–60835–No. 01–60877, 37 Fed. Appx. 712, *1 (5th Cir. 2002) ("Here, the only issue before the district court was whether to compel arbitration. When it did so, there was nothing more for it to do but execute judgment.")). A dismissal of Plaintiffs' claims is, therefore, warranted.

Finally, the Court must decide whether the dismissal should be with prejudice. BOSC does not argue that a dismissal with prejudice would be inappropriate should the Court grant the Motion to Compel Arbitration. The Court further notes a well-reasoned decision from the District of Colorado which concluded that whether a party, "by their litigation conduct, have waived the right to arbitrate is a matter for this court to determine," not for an arbitrator to

7

determine.  *Price v. Random House, Inc.*, 2009 WL 3415821, at *6 (D. Colo.).  That being so, the Court's decision on the waiver issue is final as is the ensuing decision to compel arbitration.  Consequently, the Court dismisses Plaintiffs' claims with prejudice and will enter judgment in favor of the Board on its counterclaim to compel arbitration.

    IT IS ORDERED that

    1.  Defendant's Counter-Motion for Judgment Compelling Arbitration (Doc. 15) is granted;

    2.  BOSC, Inc. and Thomas Wayne Hayes are compelled to arbitrate the controversy that exists between them and the Board before FINRA Dispute Resolution, Inc.;

    3.  Plaintiffs' claims are dismissed with prejudice; and

    4.  judgment will be entered in favor of the Board on its counterclaim for a judgment compelling arbitration.

_____
UNITED STATES DISTRICT JUDGE